OPINION
{¶ 1} Defendant-appellant, Jessie Lee King, appeals from his conviction and sentence in the Clermont County Common Pleas Court on two counts of felony nonsupport of dependents.
 {¶ 2} In April 1987, the Clermont County Court of Common Pleas, Domestic Relations Division, granted a divorce to Tammy King, now Polly, from appellant. One child was born of the marriage. The court granted Polly custody of the child, and ordered appellant to pay $25 per week in child support, with the amount to increase to $35 per week in September 1987. The divorce decree noted that appellant had not paid any child support since December 1986. The decree's final sentence states:
 {¶ 3} "Both parties are notified that all payments are to be made through the Bureau of Support, Clermont County, Ohio. Any direct payments are a GIFT." (Emphasis sic.)
 {¶ 4} On May 16, 2001, the Clermont County Grand Jury indicted appellant on three counts of felony nonsupport of dependents. Count One was brought pursuant to former R.C.2919.21(A)(2), which was effective until July 1, 1996. In that count, appellant was charged with abandoning or failing to provide adequate support to one of his children (from a relationship previous to his marriage to Polly), from about May 1987 to June 30, 1996, for a total accumulated period of 26 weeks out of 104 consecutive weeks. Counts Two and Three were brought pursuant to R.C. 2919.21(B). In Count Two, appellant was charged with abandoning or failing to provide adequate support to his and Polly's child, from July 1, 1996 through July 1, 1998, for a total accumulated period of 26 weeks out of 104 consecutive weeks. In Count Three, appellant was charged with abandoning or failing to provide adequate support to his and Polly's child, from July 1, 1998 through May 16, 2001, for a total accumulated period of 26 weeks out of 104 consecutive weeks. Appellant's child from a relationship previous to his marriage to Polly has since been emancipated. Appellant's and Polly's child was killed in an accident.
 {¶ 5} On May 6, 2002, appellant entered a guilty plea to Count Two of the indictment, in exchange for the state's agreeing to dismiss Counts One and Three. The trial court sentenced appellant to five years of community control. Appellant was subsequently permitted to withdraw his guilty plea, and his sentence was vacated. The case was set for trial on the original three counts of the indictment.
 {¶ 6} On April 28, 2003, appellant was tried by the bench (following his waiver of the right to a jury trial) on the original three counts. The trial court found appellant not guilty on Count One, but guilty on the remaining two counts. The trial court also found that appellant "failed to establish by a preponderance of the evidence the affirmative defense that he was unable to provide the support as established by a court order but did provide the support that was within his ability and means." The trial court noted that while appellant "suffered a limited disability for a period of the time covered in the indictments[,]" appellant failed to present sufficient evidence to show that the disability "continued throughout the period alleged[,]" rendering him "incapable of employment or providing support as ordered[.]" The trial court sentenced appellant to serve five years of community control.
 {¶ 7} Appellant now appeals from his conviction and sentence, raising three assignments of error. We shall address them in an order that facilitates our analysis.
 Assignment of Error No. 1 {¶ 8} "The trial court erred to the prejudice of the defendant-appellant because the guilty verdicts as to counts 2 and 3 of the indictment were against the manifest weight of the evidence."
 {¶ 9} Appellant argues that his convictions for felony nonsupport of a dependent pursuant to R.C. 2919.21(B) are contrary to the manifest weight of the evidence. In support of this argument, appellant points to the state's failure to produce any evidence showing that he had not made direct payments to his former wife to support their child.[1] Appellant argues that, by failing to produce such evidence, it was "legally impossible" for the state to prove all of the elements of its case beyond a reasonable doubt. We disagree with this argument.
 {¶ 10} In determining whether a conviction is against the manifest weight of the evidence, a court of appeals must review the entire record, weighing the evidence and all reasonable inferences that can be drawn therefrom, and after considering the credibility of the witnesses, determine whether the jury, in resolving conflicts in the evidence, "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins, 78 Ohio St.3d 380, 389, 1997-Ohio-52, quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175. The court should exercise its discretion to grant a new trial "only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 11} Initially, it was not necessary for the state to prove that appellant did not make any direct payments to his former wife for the support of their now deceased child, in order to obtain appellant's conviction under R.C. 2919.21(B). That section provides that "[n]o person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support." R.C. 2919.21(B). Generally, a violation of R.C.2919.21(B) is a misdemeanor of the first degree. R.C.2919.21(G)(1). However, where the offender has failed to provide support under R.C. 2919.21(B) for a total accumulated period of 26 weeks out of 104 consecutive weeks, irrespective of whether the 26 weeks were consecutive, then a violation of R.C.2919.21(B) is a felony of the fifth degree.
 {¶ 12} Here, the fact that the state failed to have appellant's former wife testify that she did not receive any direct payments from appellant does not demonstrate a failure on the state's part to prove its case beyond a reasonable doubt. This is particularly true in light of appellant's failure to produce any evidence that he actually made a direct payment to his wife. See State v. Collins, 89 Ohio St.3d 524,2000-Ohio-231, where the court held that it was "fair comment" for the prosecution to point out during closing argument that a defendant charged with nonsupport of dependents, among other things, offered no testimony to show that he had made direct payments to the dependents' mother. Id. at 527-528. Furthermore, the divorce decree of appellant and his former wife stated that any direct payment of support would be deemed a gift. This further undercuts appellant's argument that he may have made direct payments to his former wife and, therefore, should not have been convicted for nonsupport pursuant to R.C. 2919.21(B). Thus, appellant's convictions were not against the weight of the evidence as a result of the state's failure to adduce testimony from his former wife that he did not make any direct payments to her for their child's support.
 {¶ 13} Appellant's first assignment of error is overruled.
 Assignment of Error No. 3 {¶ 14} "The defendant-appellant did, by preponderance of the evidence, demonstrate that he was disabled and unable to work."
 {¶ 15} Appellant argues that the trial court erred in finding that he failed to prove by a preponderance of the evidence the affirmative defense set forth in R.C. 2919.21(D). We disagree with this argument.
 {¶ 16} R.C. 2919.21(D) states:
 {¶ 17} "It is an affirmative defense to a charge of failure to provide adequate support under division (A) of this section or a charge of failure to provide support established by a court order under division (B) of this section that the accused was unable to provide adequate support or the established support but did provide the support that was within the accused's ability and means."
 {¶ 18} R.C. 2901.05(A) provides that "[t]he burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused." "[T]he term `preponderance of the evidence' means nothing more than that the evidence on one side of the scale outweighs that on the other."State v. Conn (1982), 13 Ohio App.3d 251, 253.
 {¶ 19} Here, Count Two of the indictment covered the period from July 1996 to June 1998, while Count Three covered the period from July 1998 to May 16, 2001. There was evidence presented showing that on August 20, 1996 appellant was diagnosed with, among other things, a dislocated right shoulder. Appellant was scheduled to undergo surgery approximately four weeks from that time. Appellant's "[e]stimated date of return to work with restrictions" was placed at six to eight months. This period of disability encompassed approximately eight months, from August 1996 to about May 1997. However, appellant offered no evidence, let alone a preponderance of the evidence, to demonstrate how he "was unable to provide * * * the established support but did provide the support that was within [his] ability and means[,]" for the period of time covered in Counts Two and Three that wasoutside of this eight-month period of disability, as he was required to do by R.C. 2919.21(D), in order to establish an affirmative defense under that section. Appellant's evidence focused on the fact that he was disabled for a period of time beginning in the fall of 1996, and extending to sometime around May 1997. However, he failed to provide any evidence on what restrictions he may have been given by his physician upon his return to work. Furthermore, he offered no specifics on the issue of what support he was capable, or incapable, of providing, given his "ability and means" in light of his disability. In light of the foregoing, the trial court did not err in finding that appellant failed to prove his affirmative defense to the charges of felony nonsupport in Counts Two and Three of the indictment.
 {¶ 20} Appellant's third assignment of error is overruled.
 Assignment of Error No. 2 {¶ 21} "The trial court erred to the prejudice of the defendant-appellant because there was insufficient evidence to determine if the defendant-appellant was not disabled during the time period for which he was charged."
 {¶ 22} The gist of appellant's second assignment of error appears to be encapsulated in the second paragraph of his argument in support of the assignment of error, which states:
 {¶ 23} "The question before this Court is whether an individual can be convicted for non-support of dependents without looking at any testimony from the actual caseworker who interacted with the Defendant-Appellant and just looking at notes alone and records in the file; and, where the records and testimony of defense witnesses went uncontradicted (sic) and uncontroverted. The State presented no evidence that the records and the file contained each and every single item that was received by the original caseworker. The State was not able to demonstrate that the files testified to in court were the only files kept by the caseworker whom was not presented by the State of Ohio."
 {¶ 24} The problem with this argument is that it fails to recognize that it was appellant, not the state, who had the burden of going forward with evidence, and the burden of persuasion, by a preponderance of the evidence, with respect to presenting evidence in support of the affirmative defense outlined in R.C. 2919.21(D). See R.C. 2901.05(A). As we have stated in relation to the third assignment of error, appellant failed to present sufficient evidence to show that "he was unable to provide * * * the established support but did provide the support that was within [his] ability and means." If information possessed by a former caseworker would have been helpful to appellant's defense, then it was his responsibility to present it; he has not shown any reason why he was unable to do so. Therefore, he failed to establish his affirmative defense under R.C. 2919.21 by a preponderance of the evidence.
 {¶ 25} Appellant's second assignment of error is overruled.
 {¶ 26} The trial court's judgment is affirmed.
YOUNG, P.J., and VALEN J., concur.
[1] This issue arose as a result of the state's unsuccessful attempt to recall Polly to the stand to testify about whether she had received any direct payments from appellant. (The state was unable to do so because she had left the courthouse.) But omission of this evidence was not fatal to the state's case against appellant, for the reasons set forth above.